[L. A. No, 196.     Department Two.—April 7, 1897.]

## C. A. SAWTELLE, APPELLANT, *v.* R. E. MUNCY ET UX, RESPONDENTS.

MORTGAGE—FORECLOSURE—DEFENSES—WANT OF CONSIDERATION—FRAUD —MENACE—FINDINGS—CONFLICT OF EVIDENCE.—In an action to foreclose a mortgage, where the answer pleaded as defenses a want of consideration for the note and mortgage, and that the same were procured by false and fraudulent representations of the plaintiff, and by menace of a criminal prosecution, without which fraud and menace they would not have been made or executed, and there were no witnesses upon the trial other than the parties to the action, and the court, accepting the testimony of the defendants, which supported the answer, and rejecting the uncorroborated testimony of the plaintiff to the contrary, found that each of the defenses was true, the findings cannot be disturbed upon appeal for insufficiency of evidence; and the defense of want of consideration being supported, it is immaterial whether the fraud or menace was sufficient to defeat the note.

ID.—HUSBAND'S NOTE—WIFE'S MORTGAGE—VALIDITY OF NOTE ESSENTIAL TO FORECLOSURE—DEFENSE OF HUSBAND—DEFAULT OF WIFE.—Where a wife mortgaged her separate real property to secure a note of the husband, the establishment of the validity of the note against the husband is an essential predicate to the foreclosure of the mortgage; and where, upon the husband's defense, the note fails for want of consideration, the plaintiff has no claim to be satisfied out of the wife's property, notwithstanding she may have made default in the action, and without regard to whether her default is waived or not.

ID.—WAIVER OF WIFE'S DEFAULT—SUBSEQUENT PLEADINGS NOT OBJECTED TO—TRIAL UPON MERITS.—The default of the wife is waived, where, subsequently thereto, she interposed pleadings which were not objected to, and by going to trial against her upon the merits.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. NOYES, Judge.

The facts are stated in the opinion.

*W. S. Wright,* for Appellant.

The court erred in refusing judgment against Sadie Muncy after default. (*Hunt* v. *San Francisco,* 11 Cal. 250; *Himmelmann* v. *Spanagel,* 39 Cal. 401; *Hutchings* v. *Ebeler,* 46 Cal. 557.) The note and mortgage imported a consideration. (Civ. Code, sec. 1614.) The consideration having been expressed in the mortgage, that recital will sustain it in the absence of fraud or mistake. (*Feeney* v *Howard,* 79 Cal. 525; 12 Am. St. Rep. 162; *Russ* v. *Mebius,* 16 Cal. 350.) The finding that the note and mortgage were executed without full or free consent, and that the consent was secured through menace, is not sustained by the evidence, as the threats stated to have been made are not sufficient. (*Dunham* v. *Griswold,* 100 N. Y. 226; 6 Am. & Eng. Ency. of Law, 64; *Alexander* v. *Pierce,* 10 N. H. 494; *Buchanan* v. *Sahlein,* 9 Mo. App. 552; *Harmon* v. *Harmon,* 61 Me. 231.)

*Collier & Evans,* for Respondents.

The default against Mrs. Muncy was waived. (*Hestres* v. *Clements,* 21 Cal. 425.) The note and mortgage were invalid, because of the menace used. (Civ. Code, secs. 1569, 1570; Pen. Code, sec. 508; *Morrill* v. *Nightingale,* 93 Cal. 452; 27 Am. St. Rep. 207.)

SEARLS, C.—Action to foreclose a mortgage executed by R. E. Muncy and Sadie E. Muncy, his wife, to secure the payment of a promissory note for $1,295, made by R. E. Muncy September 7, 1888, and payable on or before two years after date, with interest at ten per cent per annum. Defense, want of consideration, menace, and fraud. Defendants had judgment. Plaintiff appeals from the judgment, and supports his appeal by a bill of exceptions. The cause was tried by the court without a jury.

The findings show that the note in suit was made without valuable consideration; that the note and mortgage were procured by false representations on the part

of plaintiff and by menace, consisting of threats of a criminal prosecution against defendant R. E. Muncy, and of consequent injury to his character, and that the mortgage was executed by defendants, and each of them, under the influence of such menace, and would not otherwise have been made or executed.

Appellant contends that the findings are not supported by the evidence, and specifies various particulars in which the evidence fails to support the several findings. For the sake of brevity we shall consider the objections together. The evidence may be epitomized as follows:

Plaintiff introduced the note and mortgage, and rested. Defendant R. E. Muncy testified that he contracted to purchase the mortgaged premises in May, 1887, from one Moses Bollinger, and introduced the contract, consideration $652.51. When the last payment was made defendant had the deed made to his wife, Sadie E. Muncy.

After defendant had contracted land rose in price, and he made a contract with one Townsend to sell him the same land at say $200 per acre; $200 or $300 was paid as a bonus, and the residue of say $7,500 was to be paid at a specified time, or the bonus to be forfeited. Townsend was in default for a year or so, and went into insolvency.

About the date of the note and mortgage, plaintiff came to this defendant, and represented to him that he had received a note from Townsend for say $1,250, secured by an assignment of the Muncy contract for the sale of the land; that in conveying the land to his wife R. E. Muncy was guilty of a crime, and unless he fixed it up at once, and " no fooling," he would institute criminal proceedings against him. Defendant's wife was in a delicate situation; he had recently come to the state and engaged in business, and, fearing the effect of a prosecution, was induced to give the note and mortgage. Defendant's wife corroborated the evidence as to threats by plaintiff of a criminal prosecution, etc.

In rebuttal, the deposition of plaintiff, who resides in Oregon, was read in evidence, stating, in substance, that one N. G. Yoakum had contracted to purchase the land covered by the mortgage, and had contracted to sell it to defendant R. E. Muncy; that there was a balance of $1,295 due to Yoakum from Muncy; that Yoakum assigned his contract of purchase and his contract of sale to plaintiff, and that the sum due from defendant constituted the consideration for the note in suit.

In reply to this defendant R. E. Muncy testified that he never at any time had any dealings whatever with Yoakum, barely knew him; Yoakum never had any interest in the land that he knew of; that he never contracted with Yoakum in reference to this or any other land or thing; that, shortly after he bought the land of Bollinger, Yoakum disappeared, leaving his family, and has never been heard from since. The parties to the suit were the only witnesses.

From the foregoing synopsis of the evidence it is quite apparent that there was evidence to support the findings, and that if the court below believed the defendants, as it evidently did, it could not well have found otherwise. According to their testimony there was no consideration whatever for the note, and hence it matters not whether the menace was sufficient to defeat the instrument. It seems strange, if plaintiff testified truthfully, that he did not fortify his position by some of the agreements of which he speaks, or by extrinsic evidence in support of his statement. It is sufficient, however, for us to say that the court was amply justified in its findings.

2. Appellant further contends that the court erred in refusing judgment against defendant Sadie E. Muncy, after default.

The record shows that the defendant Sadie E. Muncy was served with summons on the first day of November, 1892, and that her default for want of an answer was entered by the clerk November 22, 1892.

December 7, 1892, both of the defendants demurred

to the complaint, which demurrer was overruled December 23d. January 20, 1893, defendants answered, and, after leave from the court so to do, they on the seventh day of March, 1894, filed an amendment to their answer.

No objection seems to have been taken to the appearance of the wife defendant up to the close of plaintiff's testimony, when judgment was asked against her, and the court took the motion under advisement and reserved its ruling.

1. We think the default was waived. In *Hestres* v. *Clements*, 21 Cal. 425, default was entered against a defendant, who afterward served and filed a demurrer, and acceptance of service of the demurrer was held a waiver of the default. Upon like principles, failing to raise objections to the various pleadings filed by the defaulting defendant and going to trial upon the merits should be regarded as a waiver of the default.

2. If it be conceded that the default was not waived, we are at a loss to see how plaintiff was injured. The defendant, Sadie E. Muncy, was not a party to the note in suit, and the only relief sought against her was the foreclosure of her interest in the land in satisfaction of plaintiff's demand.

Manifestly, the establishment of that demand against her codefendant was a predicate to such foreclosure, and, as plaintiff failed in establishing his demand against her codefendant, he had no claim to satisfy out of the property of Sadie E. Muncy.

The facts as found support the conclusions of law, and we recommend that the judgment be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.