[Crim. No. 754. First Appellate District.—August 12, 1918.]

THE PEOPLE, Respondent, v. JAMES BROWN, Appellant.

CRIMINAL LAW—PLEA OF GUILTY—DENIAL OF APPLICATION TO WITHDRAW—DISCRETION OF COURT.—An application for leave to withdraw a plea of guilty is addressed to the discretion of the court, and where one charged with fraudulently issuing a check on a bank where he had no funds pleaded not guilty but admitted a prior conviction of a felony which was also charged, but at the time set for the hearing pleaded guilty and asked for probation, which was denied, the trial court did not abuse its discretion, when the case was again called, by denying the defendant's request for leave to withdraw his plea of guilty and to plead not guilty.

APPEAL from a judgment of conviction of the Superior Court of Alameda County, and from an order denying leave to withdraw a plea of guilty and to plead not guilty. James G. Quinn, Judge.

The facts are stated in the opinion of the court.

Fred W. Moore, Jr., for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment of conviction and from an order of the court denying defendant's motion to change his plea from "guilty" to "not guilty."

The defendant was charged by information with having violated the provisions of section 476a of the Penal Code, a prior conviction of felony also being charged. Upon this information he was duly arraigned, and admitted the prior conviction, but entered a plea of "not guilty" to the charge set forth in detail in the information; whereupon his case was set for trial. At the time set for the hearing, the defendant appeared in court, withdrew his plea of "not guilty," pleaded "guilty," and asked for probation. The court thereupon dismissed the charge of prior conviction, but denied the request for probation, and continued the case for four days for sentence. When the case was again called, the defendant, through new counsel, requested permission to withdraw his plea of "guilty" and to plead "not guilty." This request was denied. Whether such denial constituted error is the sole question presented for determination.

According to the showing made by the prosecution upon the hearing of this motion the defendant had confessed that he was guilty of the offense charged, and it also appears from the record that he was an old offender; that in the matter of changing from "not guilty" to "guilty" he had not been imposed upon in any way, and realized fully the consequence of his act. It is clear that he speculated upon the anticipated clemency of the trial judge, and it was not until he learned that his expectation in this behalf would not be realized that he attempted to retract his plea of "guilty." The motion was addressed to the discretion of the court, and, under the circumstances of the case, it not being shown that there was any abuse of discretion, the action of the court must stand. (People v. Dabner, 153 Cal. 398, [95 Pac. 880]; People v. Miller, 114 Cal. 10, [45 Pac. 986]; State v. Cimini, 53 Wash. 268, [101 Pac. 891].)

The judgment and order are affirmed.