[Crim. No. 479.    Third Appellate District.—November 17, 1919.]

THE PEOPLE, Respondent, v. DINO BRESHI et al., Defendants; THOMAS LITTLEJOHN et al., Appellants.

[1] CRIMINAL LAW—COMMITMENT FOR ROBBERY—VALIDITY OF PLEA OF GUILTY OF ATTEMPT TO COMMIT ROBBERY.—Every information charging a public offense includes an attempt to commit the crime charged; therefore, where there has been an examination and commitment for the crime of robbery, a plea of guilty to the offense of an attempt to commit the crime of robbery is not a nullity.

[2] ID.—MOTION IN ARREST OF JUDGMENT—PURPOSE OF—PROCEEDINGS AT PRELIMINARY EXAMINATION NOT REVIEWABLE.—A motion in arrest of judgment only goes to the sufficiency of the information to state a public offense or to the jurisdiction of the court, and, therefore, is properly denied where made on the ground that the defendants were not properly arraigned and sufficiently informed of their rights at the preliminary examination.

[3] ID.—REFUSAL OF PERMISSION TO WITHDRAW PLEA—DISCRETION NOT ABUSED.—In this prosecution for the crime of robbery, the defendants having first pleaded guilty, then having been permitted to withdraw such plea and plead not guilty, and then to withdraw the latter plea and plead guilty of an attempt to commit the crime of robbery, the court did not abuse its discretion in thereafter denying them permission to withdraw the latter plea and enter a plea of not guilty of an attempt to commit robbery.

[4] ID.—PERMISSION TO WITHDRAW PLEAS—DISCRETION OF TRIAL COURT.—It is wholly within the discretion of the court whether a plea of any sort may be withdrawn. Permission may always be granted, but unless an abuse of discretion is shown, the refusal of permission to withdraw a plea is not error.

APPEAL from a judgment of the Superior Court of Placer County.    J. E. Prewett, Judge.    Affirmed.

The facts are stated in the opinion of the court.

W. C. Cavitt for Appellants.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

ELLISON, P. J., *pro tem.*—The defendants above named were jointly charged by information filed by the district attorney of Placer County, state of California, of the crime of robbery, alleged to have been committed upon one Henry Wortell, by taking from his person by means of force and intimidation the sum of $185, lawful money of the United States.

To this information the defendant Dino Breshi pleaded guilty and was sentenced to imprisonment in the state prison.

The defendants Thomas Littlejohn and Joe Caneva pleaded guilty to the offense of an attempt to commit robbery, which plea was accepted by the court, and they, too, were sentenced to a term in the state prison.

The defendants Littlejohn and Caneva appeal from the judgment and for reversal claim:

1. That they have never been examined and committed for the crime of an attempt to commit robbery, and, therefore, that the plea of guilty to such an offense is a nullity;

2. That the proceedings in the justice court at the preliminary examination were illegal, because, as claimed, the defendants were not properly arraigned and sufficiently informed of their rights, and upon this ground in the superior court a motion was made in arrest of judgment, and denied;

3. That the court abused its discretion in not permitting the defendants Littlejohn and Caneva to withdraw their plea of guilty of an attempt to commit robbery and permit them to enter a plea of not guilty and go to trial before a jury.

I.

[1] Section 1159 of the Penal Code provides that the jury may find a defendant guilty of any offense the commission of which is necessarily included in that of which he is charged, or of an attempt to commit the offense.

When the defendants were held by the committing magistrate for the crime of robbery, they were held also for the crime of an attempt to commit such an offense, the lesser

being included in the greater. In *People* v. *Ah Lung*, 2 Cal. App., page 278, [83 Pac. 296], it is said: "It must be held that every information charging a public offense includes an attempt to commit the crime charged."

## II.

The record shows that at the preliminary examination the court used the following language to the defendants: "The Court: You, the defendants, are instructed and advised that you are entitled to counsel at every stage of these proceedings; that you are not required to talk, or make any statement, or take the witness-stand as a witness, but you may take the witness-stand, however, and if you do you will be subject to cross-examination by the district attorney and also by the court. You may call such witnesses to testify on your behalf as you may desire. Have you an attorney?"

"Defendants: No sir."

"The examination was then proceeded with, and the defendants held to answer to the superior court on the charge of robbery."

[2] This was in substantial compliance with section 858 of the Penal Code. But, if the fact were otherwise, a motion in arrest of judgment only goes to the sufficiency of the information to state a public offense or to the jurisdiction of the court. No point seems to have been made by counsel in this case that the information filed against the defendants does not in all particulars state facts sufficient to constitute the crime of robbery.

The motion in arrest of judgment was properly denied.

## III.

[3] The court did not abuse its discretion in refusing to permit the defendants to withdraw their plea of guilty of an attempt to commit the crime of robbery. A brief reference to what occurred in the superior court in the matter of the plea of the defendants will be sufficient to show that the court acted with the greatest consideration and care for all their rights.

The record shows that on April 14, 1919, the defendants appeared in the superior court for arraignment. After the information had been read to them, the court asked each

of the defendants if he had a lawyer, and received a negative answer. Each was asked if he wanted one, and each replied no. They were then asked if they were ready to plead guilty or not guilty, and each answered that he pleaded guilty. Upon being told by the court that they were entitled to have the matter of pronouncing sentence put off for a time, each expressed a desire to have the matter then disposed of. The defendants were then called to the witness-chair separately, and, without being sworn, were questioned by the court at considerable length about their antecedents, age, place of birth, residence in the state, and the facts connected with the commission of the offense with which they were charged. The defendants, in effect, stated that, while they plead guilty to the crime of robbery, they were not guilty, and made some other remarks along those lines.

After the conclusion of this examination of the defendants, which was quite lengthy, the court, of its own initiative, and without any suggestion therefor from the defendants, or either of them, said: "I will put the matter off until 10 o'clock to-morrow. You can make up your minds between now and 10 o'clock to-morrow whether you want to withdraw your plea of guilty or not. I want to say to you if you did not commit the robbery, of course you should not plead guilty. If you did commit it, it is your own affair whether you plead guilty or not, and if you want to withdraw your plea by 10 o'clock to-morrow, I will permit you to do so, and then you can stand trial."

On the next day, after some remarks between the court and the defendants, the court said: "You can both withdraw your pleas of guilty and tender pleas of not guilty, if you desire."

Whereupon both defendants withdrew their pleas of guilty, and each entered a plea of not guilty to the offense. The court thereupon sent for an attorney, Mr. Slade, and upon his appearance appointed him as an attorney to defend the two defendants. They retired to an adjoining room for consultation, and, upon their return to the courtroom, the court, with the approval of Mr. Slade, appointed Friday, April 18th, as the time for trial, and a jury was ordered to appear at that time. On Thursday, April 17th, the defendants and their attorney, Mr. Slade, appeared in

court, and Mr. Slade informed the court that, after an examination of the record made in the justice's court at the preliminary examination, he wished to withdraw their plea of not guilty of robbery, and that each desired to enter a plea of guilty of an attempt to commit robbery. Mr. Slade also stated to the court that, in view of the record at the preliminary examination and subsequent arraignment before the said superior court, a trial would be practically without hope of a favorable verdict for the defendants. Said defendants, upon being asked by the court if they desired to plead guilty of an attempt to commit robbery, assented thereto. Said plea was entered, and the court thereupon adjourned until April 18th, at 10 o'clock, to permit the introduction of a witness on behalf of each defendant.

On the ensuing day, April 18, 1919, the defendants appeared before the court, and Mr. W. A. Cavitt appeared as counsel for the defendant Littlejohn, and moved the court for permission to withdraw the plea of guilty of an attempt to commit robbery and enter a plea of not guilty of an attempt to commit robbery. Mr. Slade made a like motion on behalf of Mr. Caneva. The court stated there had already been three pleas interposed in the action and there would have to be something presented to the court to convince the court that the defendants were not guilty, or that there was quite reasonable ground for questioning their innocence. The court said: "The defendants, of course, have not a right to withdraw a plea arbitrarily, and particularly not after having tendered three pleas. But the court would even for a fourth time permit such procedure if in the interest of justice. Now, if the defendant has witness whose testimony he can submit to the court tending to show his innocence, why the court will permit the withdrawal of the plea; otherwise, the court will deny the motion."

After a discussion between the court and the attorneys relative to testimony introduced at the former hearings against defendants, the court denied the motion to withdraw the pleas of guilty of an attempt to commit robbery, stating that he had no reasonable doubt or otherwise that defendants were guilty. An exception was thereupon noted by the attorney for the defendant Littlejohn and the court proceeded to hear testimony in mitigation of sentence.

An application also was made by the defendants for probation, and upon which testimony was also taken by the court. The application for probation was denied, and the defendants sentenced to the state prison.

A bare recital of the above facts is sufficient to show that the court did not abuse its discretion in refusing to permit the defendants to withdraw their plea of guilty of an attempt to commit robbery.

[4] "It is wholly within the discretion of the court whether a plea of any sort may be withdrawn. Permission may always be granted, but unless an abuse of discretion is shown, the refusal of permission to withdraw a plea is not error." (12 Cyc. 350.)

It is contended by counsel that there has been an abuse of discretion in this case, but a thorough perusal and study of the entire record, in the language used by Justice Henshaw, in *People* v. *Miller,* 114 Cal. 17, [45 Pac. 988], "not only fails to show an abuse of discretion, but, on the contrary, from first to last, makes it manifest that the trial judge conducted all the proceedings with a just and even solicitous regard for the defendant's rights, and ruled as alone it was permissible for him to rule under the facts before him."

An examination of the record made at the preliminary examination and of the testimony taken in the superior court upon the hearing of the various matters that came up during the arraignment and sentence of the defendants amply justified the court in stating that there was no reasonable grounds for questioning the guilt of the defendants.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.