[Crim. No. 902. First Appellate District, Division Two.—July 28, 1920.]

THE PEOPLE, Respondent, v. JAMES COSGROVE, Appellant.

[1] CRIMINAL LAW — WITHDRAWAL OF PLEA — DISCRETION OF TRIAL COURT—APPEAL.—An application to withdraw a plea of guilty and substitute a plea of not guilty is addressed to the discretion of the trial court, and its ruling thereon will not be disturbed in the absence of a clear abuse of discretion.

[2] ID.—MURDER—DETERMINATION OF DEGREE OF CRIME—SECOND ARRAIGNMENT — SUFFICIENCY OF PRIOR DETERMINATION. — The trial court, following the defendant's plea of guilty, having taken evi-

dence and having determined therefrom prior to the pronounce-
ment of judgment that the defendant was guilty of murder in the
first degree, but such judgment having been vacated on motion, on
the second arraignment of the defendant it was not necessary that
the trial court again examine into the evidence and determine
anew the degree of the crime prior to pronouncing the second
judgment.

[3] ID.—DEGREE OF CRIME—EVIDENCE—FINDING.—In this prosecution
for the crime of murder, in which the defendant pleaded guilty,
the evidence before the trial court was such as to justify it in
determining that the defendant was guilty of murder in the first
degree.

APPEAL from a judgment of the Superior Court of
Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Geo. D. Collins, Jr., for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal from a judgment of
conviction and sentence to life imprisonment by the superior
court for the county of Fresno, on a plea of guilty upon
a charge of murder. The information was filed March 27,
1917. On April 9, 1917, the defendant was arraigned on
the charge and pleaded "not guilty." On May 3, 1917,
"the defendant by his counsel asks and is granted leave to
withdraw his plea heretofore entered herein. Defendant
now waives time and orally pleads that he is guilty as
charged in the information." On the same day the supe-
rior court rendered judgment on the plea of guilty, finding
and specifying in the judgment that the crime was murder
in the first degree. The evidence before the court upon this
finding consisted of the transcript of the preliminary exam-
ination in this case and the inquisition of the coroner's jury.
The district attorney made a statement of the facts to the
court in substantial conformity to the testimony upon these
two hearings, and the attorney for the defendant stipulated
as to the correctness of the facts so stated by the district at-
torney.

Upon December 6, 1919, more than two and a half years after the judgment was rendered, the defendant made a motion to vacate and set aside said judgment upon the grounds: (1) That defendant was never arraigned for judgment nor arraigned on the information. (2) That before passing sentence the court did not determine from evidence nor from the facts the degree of the crime. (3) That the judgment erroneously states an arraignment and also erroneously states that defendant was sworn and testified to the degree of the crime. The motion to correct the minute entry of the judgment was made for the purpose of striking out the recitals and statement of an arraignment for judgment, and also the statement that defendant was sworn and testified as to the degree of the crime. This motion was granted. The motion to vacate the judgment was also granted. The motion to withdraw the plea of guilty and substitute a plea of not guilty was based upon the ground that in pleading guilty, the defendant did so solely upon the misrepresentation made to him by his counsel that the governor of the state would grant a pardon to him in eighteen months. The trial court denied the motion to withdraw the plea of guilty and substitute the plea of not guilty.

Upon the judgment being vacated, the defendant made application for probation, and the same was referred to the probation officer, who later filed his report recommending that the application be denied. The court adopted this report, and after arraigning the defendant and stating that the degree of the crime (murder in the first degree) had been determined upon evidence before the rendition of the prior judgment, pronounced a new judgment on January 17, 1920, and sentenced the defendant to life imprisonment in the state prison at San Quentin.

[1] The appellant argues, first, that under section 1018 of the Penal Code, the right to withdraw a plea of guilty is conferred upon a defendant, and the application to withdraw such a plea must be granted as a matter of course. It is further argued that though this be not true, and though discretion be vested in the trial court, nevertheless, there was an abuse of discretion in the present case. It has been held that this is a matter entirely within the discretion of the trial court and its ruling thereon will not be disturbed in the absence of a clear abuse of discretion. (*People* v.

*Brown,* 38 Cal. App. 46, [175 Pac. 85], and cases cited therein.) We find no evidence of an abuse of discretion under the facts in evidence in the present case.

[2] The point made by the appellant that the court erred in not determining anew the degree of the crime, prior to pronouncing the second judgment, is without merit. It appears from the record, and indeed it is conceded, that the court took evidence and inquired into the degree of the crime prior to the pronouncement of the first sentence. The matter having once been determined, there was no occasion for a second examination into the facts.

[3] Appellant also takes the position that assuming the trial court acted within the law in taking as a basis of the new sentence, its prior determination of May 3, 1917, that the crime was murder in the first degree—nevertheless, the evidence upon which the court made such determination utterly fails to show that the crime committed was murder in the first degree. In support of this last argument, appellant sums up the portion of the testimony before the coroner's jury and at the preliminary examination which is most favorable to his position, but fails to state the contradictory portions of the record which evidently were more convincing to the trial court. The record shows that the defendant and his wife were separated and she had obtained an interlocutory decree of divorce from him. She was living with her mother in a two-room apartment, and both mother and daughter desired that the defendant should not come to their home. The mother had left the house for a few moments to make some purchases of groceries. During her absence, the defendant rang the bell; his former wife opened the door. She testified she had been ill for some time and was then very ill and was afraid of the defendant. His presence so frightened her that she began to cough violently and went into the bathroom and closed the door, which locked with a spring lock. The defendant followed her to the door of the bathroom and tried to turn the knob of the door. At about this time, the mother entered the apartment and defendant said to her: "Marie is having a coughing spell." The wife testified that she did not hear her mother make any reply and does not think another word was said before the defendant fired the fatal shot. The mother was shot in the back when she turned, probably to

put down her packages. The testimony of the grandchild of the deceased, who was the only eye-witness to the shooting, is also to the effect that his grandmother said nothing whatever to the defendant before he fired the shot. The record shows that the defendant had been drinking intoxicating liquors earlier in the day upon which the shooting occurred; and there is also testimony that the defendant had been addicted to the excessive use of alcoholic liquors for several years. The deceased was shot with a revolver which the defendant had brought with him loaded to the apartment. The court was justified in believing the version of the occurrence contained in the testimony of the former wife of defendant and her child, at the preliminary examination and at the coroner's inquest. It was not bound to ignore this testimony and accept the defendant's statement upon which he relies upon appeal, to the effect that when the defendant greeted deceased with the statement: "Marie is having another coughing spell," deceased replied to him: "You here again? I am going to fix you." The appellant's position is that the court should have believed the deceased used this language, and that it so enraged the defendant, who had become abnormal from the use of alcohol, that he became insanely angry, and while in this condition fired the fatal shot. Appellant relies upon such an interpretation of the facts to make the offense manslaughter instead of murder in the first degree.

We are of the opinion that the record contains evidence amply justifying the trial court in finding facts constituting murder in the first degree.

There are no other matters urged by appellant which we consider merit discussion.

The judgment is affirmed.

Brittain, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 24, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 23, 1920.

All the Justices concurred.