[Crim. No. 1076. First Appellate District, Division One.—February 28, 1923.]

## THE PEOPLE, Respondent, v. JAMES MORIARITY, Appellant.

[1] CRIMINAL LAW—WITHDRAWAL OF PLEA—DISCRETION.—An application to withdraw a plea of guilty and substitute a plea of not guilty is a matter entirely within the discretion of the trial court, and its ruling thereon will not be disturbed in the absence of a clear abuse of discretion.

[2] ID. — DENIAL OF MOTION FOR WITHDRAWAL OF PLEA — DISCRETION NOT ABUSED.—Where a defendant had already entered two pleas, and his application to withdraw the second and enter a third did not come until after the hearing upon his motion for probation, and when, from the evidence adduced, it was apparent that the court was about to deny the same, it was not an abuse of discretion to deny the application.

[3] ID.—INSANITY OF DEFENDANT—SUBMISSION TO JURY—EVIDENCE.— The mere suggestion of a person's insanity, unsupported by affidavit or other evidence raising a doubt in the mind of the court as to a defendant's sanity, does not compel the court to order the question submitted to a jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion to withdraw a plea and from an order denying a motion for trial as to insanity. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

ST. SURE, J.—The district attorney filed an information against the defendant charging him with violation of section 288 of the Penal Code. The victim of defendant's lasciviousness was a child nine years of age.

The record contains recitals in substance as follows:

On June 27, 1922, the cause came on to be heard for arraignment, defendant being represented by the public defender. Defendant was arraigned and the cause continued until June 30th to plead. On June 30th defendant pleaded not guilty, and the cause was continued to July 7th for trial. On July 7th the cause was ready for trial, the defendant with his counsel was present, and on defendant's own motion he was permitted to withdraw his former plea of not guilty and thereupon pleaded guilty to the charge. He waived time for judgment and was arraigned for judgment. Defendant asked for probation and the court continued the cause to July 12th, and thereafter to July 14th. On July 14th the cause came on to be heard upon defendant's motion for probation. Witnesses were sworn and examined as to the facts in the case.

At this stage of the proceedings defendant's present counsel Ernest B. D. Spagnoli, made his initial appearance as counsel for defendant, and in his behalf moved the court that defendant be permitted to withdraw his former plea of guilty. The court denied the motion and also denied probation. Defendant's counsel then suggested to the court that the defendant was insane, and asked that he be tried as to his sanity. The court denied this motion and pronounced its judgment, sentencing defendant to state's prison.

Defendant appeals from the judgment of conviction, from the order denying the motion to withdraw plea of guilty and enter a plea of not guilty to the information, and from the order denying motion for trial as to insanity.

[1] Defendant's first assignment is that "the court erred and abused its discretion in denying defendant's mo-

tion to withdraw his plea of guilty and be allowed to enter a plea of not guilty." With this contention we cannot agree. An application to withdraw a plea of guilty and substitute a plea of not guilty is a matter entirely within the discretion of the trial court, and its ruling thereon will not be disturbed in the absence of a clear abuse of discretion. (*People* v. *Cosgrove*, 48 Cal. App. 710 [192 Pac. 165].) From the facts in the case before us it appears that there was no abuse of discretion. [2] The record shows that defendant had already entered two pleas, and that his application to withdraw the second and enter a third did not come until after the hearing upon his motion for probation, and when, from the evidence adduced, it was apparent that the court was about to deny the same. There was no showing offered or made as to defendant's innocence; on the contrary, the testimony of witnesses for the people, given in the presence of defendant and his counsel, point conclusively to guilt. (*People* v. *Breshi*, 44 Cal. App. 307 [186 Pac. 361].)

[3] The suggestion to the trial court that defendant was insane, upon which was based a motion for a trial upon this question, which motion was denied by the court, was insufficient to invoke the aid of those provisions of the Penal Code relating to an inquiry into the insanity of the defendant after conviction. The mere suggestion of a person's insanity, unsupported by affidavit or other evidence raising a doubt in the mind of the court as to defendant's sanity, does not compel the court to order the question submitted to a jury. The action of the trial court in the matter will not be reversed unless an abuse of discretion is apparent. (*People* v. *Geiger*, 116 Cal. 440 [48 Pac. 387]; *People* v. *Loomis*, 170 Cal. 347 [149 Pac. 581].) Here no showing whatever was made to the court. There was no evidence, oral or documentary, introduced on the subject. Evidently there was no doubt in the mind of the court as to the sanity of the defendant, otherwise sentence would not have been imposed. (*People* v. *Fountain*, 170 Cal. 460 [150 Pac. 341].) There was no abuse of discretion.

Defendant, in a supplement to his opening brief, urges two additional points for reversal as follows:

"1. The defendant did not plead guilty and the judgment is invalid.

61 Cal. App.—15

"2. Appellant was not arraigned for judgment pursuant to section 1200 of the Penal Code."

The record, which is conclusive upon us, shows that defendant was properly arraigned and that he pleaded guilty.

The judgment and orders appealed from are affirmed.

Tyler, P. J., and Richards, J., concurred.