[Crim. No. 2409. In Bank.—April 4, 1922.]

THE PEOPLE, Respondent, v. MIGUEL MANRIQUEZ, Appellant.

[1] CRIMINAL LAW — APPEAL FROM JUDGMENT — DISMISSAL. — In a criminal prosecution where it does not appear that any appeal from a judgment was taken by the defendant in open court, in the manner prescribed by section 1239 of the Penal Code, at the time the judgment was rendered, or by filing a written notice of appeal within two days thereafter, an attempted appeal from the judgment must be dismissed.

[2] ID.—ENTERING OF PLEA.—A plea of a defendant confessing himself guilty of crime should not be entered except with the express consent of the defendant, given by him personally in direct terms in open court, and his confession of guilt should be explicitly made, but this requirement is satisfied where the attorney for the defendant announces to the court what the plea will be before the defendant is able to answer through an interpreter, the defendant being present in court and stating that he is guilty.

[3] ID.—FORM OF PLEA.—The form of the plea in a criminal case is not of vital importance, provided the admission of guilt is clear, definite, and unconditional.

[4] ID.—PLEA OF GUILTY—APPLICATION TO WITHDRAW—DISCRETION. The fact that the defendant, knowing his rights and the consequences of his act, hopes or believes, or is led by his counsel, or others, to hope or believe that he will receive a milder punishment by pleading guilty than he would after trial and conviction by a jury, presents no ground for the exercise of the discretion necessary to permit a plea of guilty to be withdrawn.

[5] ID.—PRONOUNCING JUDGMENT—TIME—WAIVER.—One may waive a right created by statute for his benefit, and this rule applies to the time for pronouncing judgment in criminal cases.

[6] ID.—PLEA OF GUILTY—APPLICATION TO WITHDRAW—DISCRETION.— The granting or denying of permission to withdraw a plea of guilty and to substitute a plea of not guilty is a matter within the sound discretion of the trial court, and its action must be upheld unless an abuse of such discretion clearly appears.

4. Right of accused to withdraw plea of guilty, notes, 8 Ann. Cas. 237; 16 Ann. Cas. 973; Ann. Cas. 1912D, 243.

5. Right upon plea of guilty to sentence accused without intervention of jury, note, 35 L. R. A. (N. S.) 1146.

APPEAL from a judgment of the Superior Court of Imperial County and from an order denying a motion to set aside judgment and permit the withdrawal of a plea of guilty and the substitution of plea of not guilty. M. W. Conkling, Judge. Affirmed.

Harry B. Ellison and M. A. Thomas for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WASTE, J.—The defendant was charged with the crime of murder. After the entry of a plea of "guilty" the court determined the degree of the crime as murder in the first degree, and, on July 22, 1921, imposed the death penalty. Thereafter the defendant interposed a motion to set aside the judgment and for leave to withdraw the plea of guilty and to substitute a plea of not guilty instead. The motion was denied on September 28, 1921. There appears in the clerk's transcript of the proceedings in the court below what purports to be a notice of appeal, to this court, from the judgment of conviction, "and from an order made on the 28th day of September, 1921, after judgment affecting the substantial rights of the defendant." It does not appear that any appeal from the judgment was taken by the defendant in open court, in the manner prescribed by section 1239 of the Penal Code, at the time the judgment was rendered, or by filing a written notice of appeal within two days thereafter. [1] Consequently the appeal from the judgment must be and is dismissed.

Several contentions are advanced in support of the appeal from the order denying the motion to set aside the judgment and to permit the withdrawal and substitution of the plea. The motion was made upon the ground, in substance, first, that no plea of guilty was put in by the defendant himself in open court, as required by section 1018 of the Penal Code, and that the entry of any such purported plea was without his express consent. Passing over the provision of the statute which requires that application for permission to withdraw a plea of guilty and to substitute a plea of not guilty must be made before judgment (Pen. Code, sec. 1018), a

point not raised by the attorney-general, we are convinced that there is no merit in appellant's position.

From the record of the proceedings on arraignment, and no attempt is made to impeach the verity of the reporter's transcript, it appears that the appellant is a Mexican who does not speak or understand the English language. When he came into court for arraignment an interpreter was duly appointed and sworn to interpret the proceedings. By direction of the court the information was then translated to the appellant by the interpreter, a copy of the information was handed to the defendant at the time, and the court informed him of his right to be represented by counsel before being arraigned. Upon appellant stating that he had none, and no money with which to pay one, the court appointed a member of the local bar to represent the defendant, and continued the arraignment until the following morning. When the case was called the next day the attorney appointed by the court appeared with appellant. At his request the information was read by the district attorney and then translated to the defendant by the interpreter. The court thereupon arraigned the defendant, but at the request of his counsel continued the matter another day to take the plea. At that time the following proceedings were had:

"The Court: Are you ready for plea?

"Mr. Ellison (Defendant's Counsel): Yes, sir.

"The Court: Is the interpreter in court? Translate the proceedings to the defendant, please, Mr. Interpreter. Miguel Manriquez, you have been heretofore arraigned upon this information, charged with the crime of murder; to this information what is your plea?

"Mr. Ellison: The plea is guilty to the charge of murder.

"The Defendant: I have been guilty all the time.

"Mr. Ellison: The plea of guilty may be entered.

"The Court: My recollection is I have to take evidence to determine the degree.

"Mr. Simon (The District Attorney): I think that is true. If the court please, I assume the burden will be on us to show the degree.

"Mr. Ellison: I am willing it should be shown by the defendant himself."

The court thereupon proceeded to take the testimony of several witnesses, including the defendant, who took the

stand at his counsel's suggestion, and determined the crime committed to be murder in the first degree. [2] Section 1018 of the Penal Code provides that a plea of guilty can be put in by the defendant himself only in open court, and the point now made on behalf of the appellant is that he "himself" offered no plea when arraigned. He relies upon the statement in *People* v. *Thompson,* 4 Cal. 238, to the effect that a defendant must plead guilty in person, and his attorney is not allowed by the law to admit away his life or liberty. It is true, as was said in *People* v. *McCrory,* 41 Cal. 458, 461, that a plea of a defendant confessing himself guilty of crime should not be entered except with the express consent of the defendant, given by him personally in direct terms in open court, and his confession of guilt should be explicitly made. We are satisfied that there was a positive and literal compliance with such requirement in this case. The foregoing extract from the record and the transcript of the proceedings on the motion to set aside clearly and most conclusively confirm that view. The mere fact that the attorney for the defendant announced to the court what the plea would be, before the defendant was able to answer through the interpreter, and consented to the entry of the plea after it was made, is an unimportant matter in view of the independent action of the defendant himself. There is no merit in the contention that the answer of the appellant cannot be held to constitute a plea except by implication. The statement was a direct and explicit confession of guilt and was properly received by the court and entered as the plea in the case. [3] The form of the plea is not of vital importance, provided the admission of guilt is clear, definite, and unconditional. (16 C. J. 401.)

[4] Another ground upon which the appellant based his motion for vacation of the judgment was that his plea of guilty was entered without due deliberation, and with the hope and expectation that the punishment to which he might be exposed would be mitigated. Even if such were the case, the fact that a defendant, knowing his rights and the consequences of his act, hoped or believed, or was led by his counsel, or others, to hope or believe that he would receive a milder punishment by pleading guilty than that which would fall to his lot after trial and conviction by a jury, presents no ground for the exercise of the discretion necessary to permit

a plea of guilt to be withdrawn. (*People* v. *Dabner,* 153 Cal. 398, 403 [95 Pac. 880]; *People* v. *Miller,* 114 Cal. 10, 16 [45 Pac. 986]; *People* v. *Lennox,* 67 Cal. 113, 115 [7 Pac. 260].)

Appellant's last contention in support of his motion to vacate the judgment is that the court violated the provisions of section 1191 of the Penal Code in that it pronounced judgment upon him the day following the entry of his plea. The section provides that after a plea of guilty the court must appoint a time for pronouncing judgment, which must be not less than two nor more than five days after the entry of the plea. A sufficient answer to the contention is that the appellant through his counsel, at the time he made his plea, expressly waived time, and, with the consent of the court and district attorney, requested the court to impose the sentence on the day following. [5] It has long been settled that one may waive a right created by statute for his benefit, and that the rule applies to the time for pronouncing the judgment of the court in criminal cases. (*People* v. *Robinson,* 46 Cal. 94, 96; *People* v. *Mess,* 65 Cal. 174 [3 Pac. 670]; *People* v. *Johnson,* 88 Cal. 171, 174 [25 Pac. 1116].)

Although the appeal from the judgment has of necessity been dismissed, we have carefully read the entire record of the evidence submitted to the trial court, to enable it to determine the degree of the crime, before passing sentence. The homicide resulted from the attempt of the appellant and two others to rob a store at El Centro, kept by a Chinese. The three men went together to the store for the purpose of committing the robbery. According to the appellant, who took the stand at the instance of his own counsel, one of his accomplices directed Quon Sue, one of the Chinese, to hold up his hands and told the appellant "to hold him there." He "put his gun on him" and "as soon as I did it he tried to grab it. . . . When the Chinaman grabbed at me, the pistol went off, and he went down, and I ran out, and I don't know what the others did." There was other testimony that Quon Sue was killed instantly, and the evidence of the autopsy surgeons tended very strongly to indicate that the killing was not in the manner described by the appellant. Be that as it may, the homicide was committed in an attempt to perpetrate robbery, and was murder in the first degree. (Pen. Code, sec. 189.) The evidence was of

such a nature as to support no other conclusion. Having determined this matter, as was its duty to do upon the entry of the plea of guilt (Pen. Code, sec. 1192), nothing further remained for the trial court but to pronounce judgment. That it approached the performance of this difficult task with due regard for the serious consequences which might attend the appellant is evidenced by the careful manner in which it considered and determined the degree of the crime committed. That it saw fit to impose the extreme penalty fixed by the law is a matter resting within the exercise of the judicial discretion with which the trial court is vested by the supreme power of the state. [6] The granting or denying of permission to withdraw a plea of guilty, and to substitute a plea of not guilty, is a matter within the sound discretion of the trial court, and its action must be upheld unless an abuse of such discretion clearly appears. There are no such peculiar or unusual circumstances in this case as to enable us to say the trial court should have acted differently in the matter. (*People* v. *Bostic*, 167 Cal. 754, 760 [141 Pac. 380] ; *People* v. *Dabner, supra.*)

No legal questions are presented by the appeal which call for the intervention of this court. It follows, therefore, that the order appealed from must be affirmed. It is so ordered.

Lawlor, J., Wilbur, J., Richards, J., *pro tem.*, Shurtleff, J., Shaw, C. J., and Sloane, J., concurred.