[Crim. No. 1334.   First Appellate District, Division One.—January 25, 1927.]

## THE PEOPLE, Respondent, v. NICHOLAS BACCIOCCO et al., Appellants.

[1] CRIMINAL LAW — ROBBERY — PLEA OF GUILTY — MOTION TO VACATE JUDGMENT—MISTAKE—DISCRETION.—In a prosecution for robbery of the first degree, after conviction upon a plea of guilty, the trial court did not abuse its discretion in denying a motion by defendants to vacate and set aside the judgment and permit them to plead to an attempt to commit robbery, on the ground that the original plea was interposed by them through inadvertence and mistake in the belief that they were entering a plea to the lesser offense, where the motion was denied by the same judge who accepted the original plea, and defendants, who were represented by counsel, entered the plea, with full knowledge of its effect, upon condition that other charges against them would be dismissed, which was done.

[2] ID. — TRIAL — PLEAS — EVIDENCE. — Upon a plea of guilty, the prosecution is not called upon to present all the evidence it has concerning the commission of the crime.

[3] ID.—ATTEMPT TO COMMIT ROBBERY—RETURN OF STOLEN PROPERTY —EVIDENCE.—A motion to vacate a judgment and sentence for robbery of the first degree, on the alleged ground that the facts show that the offense committed was not robbery but simply an attempt to commit robbery, is properly denied where it appears from the evidence that defendants, by force and fear and the use of a revolver, took a bunch of keys from the person of the complaining witness, tied his feet and hands together, and placed him in a room; and the offense having been committed was not undone by the subsequent return of the keys by defendants to the victim of the robbery.

(1) 16 **C. J.**, p. 397, n. 6.   (2) 16 **C. J.**, p. 404, n. 78.   (3) 34 **Cyc.**, p. 1808, n. 78.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate a judgment and sentence after plea of guilty. Harold Louderback, Judge.   Affirmed.

1.   Right to withdraw plea of guilty, note, 20 **A. L. R.** 1445.   See, also, 7 Cal. Jur. 999; 8 R. C. L. 111.

2.   See 22 Cal. Jur. 850; 23 R. C. L. 1141.

The facts are stated in the opinion of the court.

Nathan C. Coghlan for Appellants.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appeal from an order denying defendants' motion to vacate and set aside a judgment sentencing them to suffer the penalty prescribed for the commission of the crime of robbery in the first degree, after plea of guilty by them to the commission of such offense. In the same motion appellants moved the court for permission to withdraw their plea and to interpose in lieu thereof a plea of guilty to the crime of attempt to commit robbery. In support of the motion it was claimed, first, that the plea of guilty was interposed by them through inadvertence and mistake and in the belief that they were at the time entering a plea to a lesser offense, and, second, that the facts involved in the case show that the offense committed by defendants was not that of robbery, but was simply an attempt to commit robbery.

[1] The motions were denied. It is here claimed that the court abused the discretion conferred on it by law in its refusal to vacate the judgment and to allow the entry of the proper plea. The appeal as to appellant Morrison has been dismissed, and the alleged error is here urged on behalf of appellant Bacciocco alone. We see no merit in his contention. The record does not show what proceedings were had at the time the plea was entered other than the defendants pleaded guilty to the charge of robbery in the first degree. It does show, however, that the motions here made were denied by the same judge who accepted the plea. It further shows that he was familiar with all the circumstances of the plea at the time it was entered. Upon the hearing of the motions to vacate the judgment and to permit a plea to the lesser offense, the court stated that defendants at the time they entered their plea, knew exactly what was going on; that they were represented by counsel and the plea was entered upon condition that other charges would be dismissed; that such charges were dismissed in accordance with the arrangement and the plea accepted. He further stated, in

substance, that he had asked defendants if they were going
to plead guilty of first degree robbery, which involved the
commission of the offense with the aid of a gun, and that
there was no suggestion from either of them or their counsel
that they would not plead guilty of robbery in the first
degree. The court further stated that both men were of
sufficient intelligence to know exactly what was going on
and he was satisfied that their plea was not entered through
any mistaken notion that they were pleading guilty to
another and lesser offense. Under such circumstances the
court did not abuse its discretion in denying the motion
to vacate and set aside the judgment. Equally without merit
is the claim that the evidence shows that defendants were
merely guilty of an attempt to commit the crime of robbery.
[2] As the defendants pleaded guilty the prosecution was
not called upon to present all the evidence it had concern-
ing the commission of the crime. [3] Defendants had
waived preliminary examination in the police court, and in
consequence the only evidence there received consisted of
the testimony of the prosecuting witness and a police officer,
which, in a limited manner, described the circumstances
under which the crime was committed. The transcript of
the evidence taken at such examination showed that the
prosecuting witness testified to the effect that he was a
janitor employed at the New Fillmore Theater. That on
the twenty-third day of February, 1926, at about 12 o'clock
at night, and when he was performing his duties, he heard
someone pounding on the door; that immediately thereafter
he was confronted by two men, one of whom placed a
revolver against his stomach, and the other tied him up;
that they then took him upstairs, defendant Bacciocco in
the meantime keeping the revolver placed at his side; that
they took a bunch of keys from his person and stood him in a
corner with his hands tied; that they later conducted him
to a room and tied his feet together. It is claimed that the
testimony of the police officer showed that the keys taken
from the prosecuting witness were returned to him by
defendants and that the temporary taking of them from the
person of the prosecuting witness did not constitute robbery.
The testimony, as recited, shows without conflict that the
keys were forcibly and through fear taken from the person
of the complaining witness. It is true the record does not

clearly show under what circumstances they were returned to the prosecuting witness. Their original taking, however, in the manner indicated, constituted the offense, and it was not undone by the return of the stolen articles, even assuming that they were returned by defendants (23 R. C. L. 1141). The evidence was, therefore, sufficient to show that defendants were guilty of the offense charged. The court, in denying the motions, read a communication received from the bureau of detectives concerning the defendants and the circumstances surrounding the commission of the offense. It informed the court, in substance, that from a careful examination of the case that the evidence showed that three felonies had been committed by the defendants in the perpetration of the crime charged. It recited that defendant Bacciocco had carried a gun inside the waistband of his trousers where it was ready for instant use; that after tying up the janitor, defendants had proceeded to open the safe contained in the building; that they succeeded in breaking off the combination and drilling a hole therein with the aid of tools attached to the electric light for drilling purposes; that they had a complete set of safe burglar tools, which were found in front of the safe; that when the officers arrived at the scene of the crime and attempted to make an arrest, they had to shoot through the door, and fired several shots before defendants surrendered. The communication also contained the records of defendants, which the court omitted reading. While the letter was not considered by the court as part of the record in denying the motions, it showed the circumstances surrounding the commission of the crime, and it is upon these facts that the claim is made that in truth the evidence shows defendants to have been guilty of a mere attempt to commit the crime with which they are charged, and that the mere temporary taking of the keys from the janitor to aid them in their attempted acts did not complete the offense. What we have said disposes of this contention.

As above stated, the appeal of Morrison has been dismissed.

The order appealed *from* as to Bacciocco *is* affirmed.

Knight, J., and Campbell, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 24, 1927, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 24, 1927.