[Crim. No. 1532.   Second  Appellate  District,  Division  Two.—August
20,  1927.]

THE PEOPLE, Respondent, v. EMIL JUNOD, Appellant.

Hugh L. Dickson for Appellant.

U. S. Webb, Attorney-General, and James S. Howie and John W. Maltman, Deputies Attorney-General, for Respondent.

CRAIG, J.—■ This appeal presents but one question for our determination: Shall the action of the superior court in refusing to permit the defendant to withdraw his plea of guilty and enter a plea of not guilty, be reversed or affirmed? The contention of the defendant is briefly stated

by his counsel to be that through the representations and assurances of his attorney he was induced and persuaded to enter a plea of guilty to the information filed against him, and was assured that in the event probation was denied by the court he could still withdraw his plea of guilty and enter a plea of not guilty. The defendant entered a plea of guilty to each of two charges contained in separate informations, one of which charged embezzlement, and the other issuing checks without sufficient funds. In each case he made application for probation, which applications were denied, and he then asked leave to withdraw his pleas, advancing as a reason for the granting of his motion the contention above quoted. There is no merit in the appeal. If it was a fact that the defendant, who does not appear to have been in ignorance of the consequences of his act, believed, and was led by his counsel to believe, that he would receive milder punishment as a result of pleading guilty than otherwise, it is not a ground requiring the trial court to allow a plea of guilty to be withdrawn. (*People* v. *Manriquez,* 188 Cal. 602 [20 A. L. R. 1441, 206 Pac. 63].) However, the attorney denied having made such a representation to appellant. ██ As was said in the case last cited, action upon a motion to withdraw a plea of guilty and to enter one of not guilty is one which is within the judicial discretion of the trial court, whose exercise will not be disturbed unless an abuse thereof clearly appears. Many other decisions might be cited to the same effect. No peculiar circumstances, such as existed in *People* v. *Schwartz and Wallingford,* 201 Cal. 309 [257 Pac. 71], cited by appellant, are presented in the instant case.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.