[Crim. No. 1781. Second Appellate District, Division One.—May 13, 1929.]

THE PEOPLE, Respondent, v. ALICE BRAHM, Appellant.

Arthur Brigham Rose for Appellant.

U. S. Webb, Attorney-General, and John D. Richer for Respondent.

HOUSER, J.—Defendant pleaded guilty to a charge of arson and, at her request, was granted leave to make application for probation. After several continuances had been had of the hearing on the matter of probation for defendant, an order was finally made by which probation was denied, and judgment was pronounced against her. Thereafter defendant moved the trial court for leave to withdraw her plea of guilty to the charge and substitute therefor a plea of not guilty thereto. At the same time, and as a part of the same motion, defendant moved the court to vacate the judgment in the action. From an order denying each of such motions this appeal is prosecuted.

■ The first point advanced by appellant is that because she "pleaded guilty under duress, misapprehension, fear, intimidation," she should have been permitted thereafter to withdraw such plea. In connection therewith no pertinent facts, other than her own statement to the effect that she was advised by an "investigating officer" that if she would plead guilty, probation would be granted to her, were submitted to the trial court—which statement was denied by such officer. The determination of the existence of either or any of the alleged causes which induced defendant to plead guilty to the charge preferred against her rested with the trial court; and in the absence of an abuse of discretion in the matter, the conclusion reached by such court cannot be disturbed by this tribunal. (*People* v. *Manriquez*, 188 Cal. 602, 605 [20 A. L. R. 144, 206 Pac. 63]; *People* v. *Junod*, 85 Cal. App. 194 [259 Pac. 101].) But even assuming the truth of appellant's said statement, it is clear that no abuse of discretion was committed by the trial court in denying the several motions or either of them. As is said in the case of *People* v. *Manriquez*, 188 Cal. 602, 605 [20 A. L. R. 144, 206 Pac. 63, 64]:

"Another ground upon which appellant based his motion for vacation of the judgment was that his plea of guilty was entered without due deliberation, and with the hope and expectation that the punishment to which he might be exposed would be mitigated. Even if such were the case, the fact that a defendant, knowing his rights and the consequences of his act, hoped or believed or was led by his counsel, or others, to hope or believe that he would receive a milder punishment by pleading guilty than that which

would fall to his lot after trial and conviction by a jury, presents no ground for the exercise of the discretion necessary to permit a plea of guilty to be withdrawn. (*People* v. *Dabner*, 153 Cal. 398, 403 [95 Pac. 880]; *People* v. *Miller*, 114 Cal. 10, 16 [45 Pac. 986]; *People* v. *Lennox*, 67 Cal. 113, 115 [7 Pac. 260].)''

■ Appellant also contends that the question of whether the motions in the premises should be granted should have been submitted to a jury for its determination. Certain authorities have been cited in support of the point; but, so far as this court can determine, none of them is applicable to the question here presented. We know of no authority which would warrant procedure such as is suggested by appellant.

■ Appellant also complains that at the time judgment was pronounced against her she was not arraigned therefor as provided by section 1200 of the Penal Code. The record herein discloses the fact that on the day preceding the date on which defendant was sentenced, at which time the question of whether probation should be granted to defendant, and in case it should be denied, the matter of pronouncing judgment, were before the court for its determination, defendant was arraigned for judgment in substantial compliance with the requirements of section 1200 of the Penal Code. After considerable discussion of the various matters presented to the court for its consideration at that time, with the acquiescence of defendant and her attorney, the conclusion with reference thereto was continued until the day following, at which time, without again arraigning defendant, judgment was pronounced. It is clear that in the circumstances here present no substantial right of defendant was violated; from which it follows that the point is without avail to appellant. (Sec. 4½, art. VI, Const.)

■ Appellant suggests that by reason of certain continuances the trial court lost jurisdiction to pronounce judgment. From the record it appears that all such continuances were the result of defendant's application for probation and each of them was either at defendant's request or at least with her acquiescence. As the statutory time in the matter, as provided by section 1191 of the Penal Code, had not elapsed at the time sentence was pronounced,

it follows that (without reference to other possible considerations) appellant's point is without merit.

 It is urged by appellant that the information herein does not charge the commission of a public offense. The brief filed by appellant contains the statement that: "The slightest inspection of the information will disclose that the information fails to allege the offense of arson as required by law." Otherwise, this court is not informed as to the particulars in which it is claimed that the information is defective. In such circumstances this court should not be required to subject the information to rigid inspection or examination for the purpose of discovering in what possible respect it may be wanting as a pleading. However, it may be noted that by the information defendant is accused of the "crime of arson, a felony, committed as follows: That the said Alice Brahm, on or about the 13th day of November, 1928, at and in the county of Los Angeles, state of California, did wilfully, unlawfully, feloniously and maliciously burn with intent to destroy the same, the building of one John Doe Meiling."

Section 447 of the Penal Code defines arson as the wilful and malicious burning of a building with intent to destroy it. The "slightest inspection" of the information reveals the fact that it was in substantial accord not only with the language of section 447 of the Penal Code, but that as well it included a statement with reference to the ownership of the building which it was alleged that defendant had burned. (Sec. 452, Pen. Code.) The case of *People* v. *De Winton*, 113 Cal. 403 [54 Am. St. Rep. 357, 33 L. R. A. 374, 45 Pac. 708], is ample authority to the effect that such an information is legally sufficient. See, also, *People* v. *Russell*, 81 Cal. 616 [23 Pac. 418]; *People* v. *Morhar*, 78 Cal. App. 380, 384 [248 Pac. 975].

 Without an extended discussion of the denial of probation to defendant, it need only be said that by practically all the authority on the subject in this state the determination of that question rests within the sound discretion of the trial court. Since no abuse of discretion appears in the instant case, the decision reached by said court as to whether probation should be granted to defendant is necessarily conclusive.

The remaining points presented by appellant as reasons for reversal of the order made by the trial court are either included within those already considered by this court, or are of so little importance that even if the position assumed by appellant therein be correct, a decision thereon in her favor could not affect the outcome of the appeal.

The order denying each of defendant's several motions is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 27, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 10, 1929.

All the Justices present concurred.