[Crim. No. 2205. Second Appellate District, Division Two.—June 1, 1932.]

THE PEOPLE, Respondent, v. GEORGE N. MICHAELS et al., Defendants; ALBERT DE CESARO, Appellant.

C. P. Temple for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

WORKS, P. J.—Defendant De Cesaro was sentenced, upon plea of guilty, to a term of imprisonment in the state prison. After judgment he moved the trial court that the judgment be set aside and that he be permitted to withdraw his plea of guilty and to enter a plea of not guilty. An order was made denying the motion and from the order De Cesaro appealed.

The ground of the motion was that, before entering his plea of guilty, in a conversation between a deputy district attorney and a deputy sheriff, held within appellant's hearing, it was said that a lighter punishment would be inflicted upon him if he pleaded guilty than if he pleaded not guilty and were found guilty upon trial. It is claimed that appellant entered the plea of guilty under a fraud thus alleged to have been practiced upon him, and that, therefore, his motion should have been granted. In connection with this claim it is to be observed that appellant had counsel present at the time of the conversation—indeed, the same counsel who represents him here.

The fact, if it was a fact, that the conversation actually occurred between the officers was averred in affidavits presented to the court. In the discharge of our duty under the law to uphold the court's order, if possible, that rule of law being a concomitant of the rule that it is incumbent upon an appellant to show error, we must assume that the court disbelieved the averment of the affidavits concerning the conversation and found that it did not occur. There was ample evidence to support such a finding.

In addition to this point respondent contends that under the provisions of section 1018 of the Penal Code a defendant may not be permitted after a plea of guilty and after judgment to withdraw his plea and to enter a plea of not guilty. It is also insisted "that the mere fact that the plea of guilty was entered under the mistaken belief that a lighter punishment would be received is not grounds for . . . a withdrawal" of the plea.

We do not determine the first of these two contentions. ▌ Upon the second we think it sufficient to quote this language, to be found in the reports: "The mere belief on the part of a defendant that he will receive a punishment lighter than the one actually imposed is not a sufficient ground for granting such a motion as we are considering. (*People* v. *Manriquez,* 188 Cal. 602 [20 A. L. R. 1441, 206 Pac. 63] ; *People* v. *Junod,* 85 Cal. App. 194 [259 Pac. 101].) Furthermore, in the instant case, not only would appellant's attorney be presumed to know the penalty provided by law for such a case, but the record shows that the trial court had before it the testimony of the deputy district attorney that, on the occasion in question, he told appellant and his attorney that the offense charged in the information brought appellant under a life sentence, but that he would be eligible to parole in twelve years, and that he supposed he would probably be paroled at the end of that time." (*People* v. *Toledo,* 111 Cal. App. 204 [295 Pac. 353, 354].) In employing this language the court was dealing with an appeal from an order denying a motion to set aside a judgment under circumstances similar to those presented here.

Finally, it is to be observed that no sentence other than to the penitentiary was possible in the case (sec. 213, Pen. Code).

Order affirmed.

Thompson (Ira F.), J., and Fricke, J., *pro tem.,* concurred.