[Crim. No. 2544.  Second Appellate District, Division Two.—July 18, 1934.]

THE PEOPLE, Respondent, v. E. P. ASELTINE et al., Defendants; FRANK E. McCABE, Appellant.

Samuel S. Adler and Louis P. Russill for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—The defendant McCabe was charged with one count of conspiracy to commit grand theft and twenty-three counts of grand theft. Upon arraignment, he pleaded not guilty but on the date of trial withdrew that plea as to five counts and pleaded guilty as to them. He applied for probation, which, at the time of the hearing, January 19, 1934, was denied. Sentence was thereupon imposed as to each of the five counts, to run consecutively, and the remaining nineteen counts were dismissed. Seven weeks thereafter, on March 9, 1934, defendant filed his ''motion to vacate judgment and set aside plea of guilty'' on the grounds of fraud and duress. At the hearing on the motion on March 20th affidavits and oral testimony were presented supporting and opposing the motion, and it was denied.

There appears in the clerk's transcript of the proceeding in the court below, dated March 24, 1934, what purports to be a notice of appeal to this court ''from the judgment therein entered in the superior court on the 20th day of March, 1934, from an order denying defendant the right to change his plea and from the order denying the setting aside of reopening and rehearing on probation''. It does not appear that any appeal from the judgment was taken by defendant in open court in the manner prescribed by section 1239 of the Penal Code, at the time the judgment was rendered or by filing a written notice of appeal within two days thereafter. If this were an attempt to appeal from the judgment of the lower court it would be ineffectual and would be dismissed. Since the notice designates the ''judgment'' as being entered March 20, 1934, it will be construed as referring to the order which the court made on that date denying defendant's motion to set aside the judgment and to reopen probation.

Appellant contends that the court abused its discretion in denying his motion, urging that although innocent he was induced by fraud, duress and coercion to plead guilty.

In his affidavit defendant sets out that four days before the trial date his bondsmen surrendered him to custody; that he was visited in the county jail by one Wittler, un-

known to defendant purporting to come from the office of defendant's attorney and accompanied by two relatives of a co-defendant, and was urged by Wittler to plead guilty and was assured that if he did so the district attorney's office would see to it that he got probation immediately or with a short jail term; that on the day of trial defendant's attorney came to him in the anteroom adjoining the courtroom and urged him to plead guilty; that the deputy district attorney suggested he plead guilty to five counts and stated to defendant that he could not promise any immunity or reward nor that he would receive probation; that the court bailiff came in and told defendant he was foolish to not plead guilty and that he would get the best of it if he did; that his attorney told him repeatedly that he was a fool for not pleading guilty, and if he persisted in his refusal that he, the attorney, would turn him over to the public defender; that thereupon defendant pleaded guilty to five counts, but that he nevertheless was at all times innocent.

Defendant's affidavit and testimony on the hearing on the motion were contradicated by opposing affidavits and testimony in the matters material to the determination of the motion by the lower court. The record of defendant's testimony shows him to be a man of sufficient intelligence and experience to fully apprehend the nature of the proceedings and the effect of his actions with reference thereto. He stated that he had taken $64,000 from investors in southern California, but that if released he could make restitution this year or by the end of 1936; that his "proposition" was secret or mysterious; that "it is not anything that can be sold", but "there is a cotton machine mixed in with it, the development of cotton". From his testimony the lower court might well have concluded that defendant's plea of guilty to five counts had been entered in the expectation, which was realized, of escaping prosecution on the remaining nineteen counts.

It is well settled in this state that where on account of duress, fraud or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant

him the privilege of withdrawing his plea of guilty and of reassuming the situation occupied by him before a plea of any kind was entered. This exceptional remedy applies only upon a strong and convincing showing of the deprivation of legal rights by extrinsic causes. (*People* v. *Schwarz,* 201 Cal. 309 [257 Pac. 71].) ■ The fact that a defendant, knowing his rights and the consequences of his act, hoped or believed or was led by his counsel or others to hope or believe that he would receive a milder punishment by pleading guilty than that which would fall to his lot after trial and conviction by a jury, presents no ground for the exercise of the discretion necessary to permit a plea of guilty to be withdrawn. (*People* v. *Manriquez,* 188 Cal. 602 [206 Pac. 63, 20 A. L. R. 1441].)

■ While the granting or denying of permission to withdraw a plea of guilty and to substitute a plea of not guilty is in many cases a matter within the sound discretion of the trial court (*People* v. *Bostic,* 167 Cal. 754 [141 Pac. 380]), there is nothing in this case to permit the exercise of such discretion; under the authorities cited the court could not have done otherwise than order the denial of the motion to set aside the judgment.

The order appealed from is affirmed.

Craig, Acting P. J., and Desmond, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 16, 1934.