[Crim. No. 2722. Second Appellate District, Division One.—September 24, 1935.]

THE PEOPLE, Respondent, v. ALEX MOORE, Appellant.

Orville R. Emerson for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

ROTH, J., *pro tem.*—Defendant by information was charged with a felony, to-wit, receiving stolen goods, and with four prior convictions of felonies in other states. He admitted the prior convictions and was convicted on the primary charge and sentenced as an habitual criminal. From this judgment he appealed. (*People* v. *Moore*, 137 Cal. App. 130 [30 Pac. (2d) 79].) The judgment was affirmed, and immediately thereafter, he petitioned the superior court in which he had been tried and convicted, for the issuance of a writ of error, *coram nobis*. The point of the petition is that three of the prior convictions with which defendant was charged, which he had admitted and for which he had served terms of imprisonment in the penitentiaries of other states, were not felonies in this state. (Pen. Code, secs. 644, 668; *People* v. *Shaw*, 137 Cal. App. 533 [30 Pac. (2d) 1031]; *People* v. *Pace*, 2 Cal. App. (2d) 464 [38 Pac. (2d) 202]; *People* v. *Fitzwater*, 3 Cal. App. (2d) 187 [42 Pac. (2d) 1044]; *People* v. *Bigelow*, 94 Cal. App. 28 [270 Pac. 460].) Defendant avers in his petition that he was ignorant of the legal effect of these prior convictions under the law of this state, as set forth in the foregoing code sections and cases, at the time he admitted them, and that if he had known that such convictions were not

considered felonies in this state, he would not have admitted them.

It may be conceded for the purpose of this case that three of the four prior convictions admitted by defendant are not felonies in this state. Such concession, however, can be of no assistance to the defendant, since we are of the opinion that the mistake made by defendant cannot be cured by a petition for the writ of error, *coram nobis*, which "is in effect an attack upon the judgment, asking that it be set aside as void on the grounds and for the reasons already noticed, and that defendant be allowed to enter a plea of not guilty" (*People* v. *Superior Court*, 4 Cal. (2d) 136 [47 Pac. (2d) 724]), to said prior convictions.

The frequent resort to a petition for this writ in recent years persuades one that those, who have been convicted of crime, have come to look upon it as a remedy which can work magic merely by reason of its invocation. There is, however, no shibboleth in a petition for a writ of error, *coram nobis,* even though the Latin name has survived to the present time. At common law it performed omnibus functions to call the attention of a trial court to its errors, and to give such court an opportunity to correct them. "At the time this writ came into general use there was no remedy by appeal or by motion for new trial. The ordinary writ of error afforded to a considerable extent the remedy now available by appeal and the writ of *coram nobis* to a very limited extent the remedy now available upon motion for new trial." (*People* v. *Reid,* 195 Cal. 249, 255 [232 Pac. 457, 36 A. L. R. 1435].) The original functions performed by this writ have under our procedure for the most part been included and are now separately classified in such remedies as the motion for new trial, motion to vacate a judgment, motion in arrest of judgment, and appeal from judgment. (*People* v. *Superior Court, supra; People* v. *Reid, supra; People* v. *Mooney,* 178 Cal. 525 [174 Pac. 325].) "As these new remedies have come into existence by statutory enactment they have supplanted this ancient writ as to so much of its former scope as is comprehended in and covered by the statutory remedies." (*People* v. *Reid, supra,* pp. 255, 256.)

As said in *People* v. *Mooney, supra,* at page 529: "It is in those cases where the defendant has been denied a trial upon the merits, in other words, where there has been no trial

at all, that relief of this kind may be granted. In such cases it is obvious that the statutory remedies have no application and that the defendant is wholly without remedy; and it is upon that theory that we look to the common law to provide a remedy. Such a case was *People* v. *Perez,* 9 Cal. App. 265 [98 Pac. 870]; and, indeed, all of the cases cited, in which relief was afforded, were cases where no trial had been had, but a plea had been obtained from the defendant by some character of duress, or the trial was affected by some outside force.'' The averments of the instant petition make no suggestion of duress, or that defendant's admission of the prior convictions was obtained by any outside influence or that there was any extrinsic fraud in connection therewith. Whether defendant did move for a new trial, and if he did, whether the point now presented was then urged, does not appear. Assuming that defendant made no such motion, and assuming further that defendant did not discover the facts upon which his petition is based until some time immediately preceding the actual filing thereof, we would still be powerless to grant any relief. This identical proposition was discussed and disposed of in *People* v. *Reid, supra,* pages 257, 258, where the court says: ''Appellant concedes that the provision of a statutory remedy impliedly displaces the common-law remedy to the extent that the former is available, but argues that where the statutory remedy is unavailable by reason of the statute of limitations applicable thereto, that the common-law remedy should then be applied. He argues that because the defendant did not discover the facts here relied upon until too late to present them in support of his motion for new trial, the statutory remedy should be deemed 'unavailable' and the common-law remedy should therefore be resorted to. He cites no authority which supports this conclusion and we are convinced that it is not sound. Where the legislature has provided a statutory remedy which supplants in whole or in part a corresponding common-law remedy, and has appended thereto a statute of limitation different from that which governs the common-law remedy, there is presented the situation of a conflict between the common law and the statute, in which case the latter must prevail. To hold in such case that after the expiration of the statutory limit the common-law remedy could still be availed of would be to hold in effect that in case of conflict between

the two the common law prevails over the statute. . . . We conclude, therefore, that the existence of a statutory remedy for the wrong here complained of by motion for a new trial precludes a resort to the common law in this behalf.''

We fail to see how the position of defendant in this proceeding is any different from that of a person who pleads guilty to a crime believing in fact that he was guilty of the same at the time of his plea, when, as a matter of law, the facts could not establish his guilt. In the latter situation a defendant would have the undoubted right to make a motion to change his plea. (Pen. Code, sec. 1018; *People* v. *Bacciocco,* 81 Cal. App. 19 [251 Pac. 817]; *People* v. *Manriquez,* 188 Cal. 602 [206 Pac. 63, 20 A. L. R. 1441]; *People* v. *Cosgrove,* 48 Cal. App. 710 [192 Pac. 165]; *People* v. *Moriarity,* 61 Cal. App. 223 [214 Pac. 485]; *People* v. *Murphy,* 62 Cal. App. 709 [217 Pac. 810]; *People* v. *Junod,* 85 Cal. App. 194 [259 Pac. 101]; *People* v. *Blumen,* 87 Cal. App. 236 [261 Pac. 1103].) If, however, the defendant omits to do so, and the time has expired for the exercise of any of the statutory remedies after judgment, which might be invoked to cure the situation, and the judgment becomes final, there would be no further legal recourse by any form of judicial review. The same, we believe, is true in this case.

The order denying the petition is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 24, 1935.