[Crim. No. 4090. In Bank.—May 25, 1937.]

THE PEOPLE, Appellant, v. JOHN LUMBLEY, Respondent

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Appellant.

Milburn G. Harvey and Jack J. Rimel for Respondent.

SEAWELL, J.—This proceeding is in form a motion to dismiss an appeal taken by the People from an order granting

to the respondent a writ of error *coram nobis,* by which procedure three prior felony convictions entered by defendant upon his former answers that he had suffered the same on February 21, 1930, some six years and eight months prior to the institution of the instant proceeding, were stricken from the judgment and the defendant was permitted to enter the plea that he had not suffered the same and the judgment and commitment were accordingly changed to conform with the court's order. Said previous admissions of prior convictions were made and given immediately after the defendant had entered his plea of guilty of the offense charged in the information, together with said prior convictions, as provided by section 1025 of the Penal Code. The information charged him with the crime of forgery, committed in the county of Orange on January 28, 1930, and with said three previous convictions of forgeries suffered in three separate counties in the state of Arizona, for which he served terms in the state prison of said state. Each prior conviction was had in the superior courts of Arizona and the judgments thereon, in their order, were pronounced on August 28, 1912, December 6, 1913, and July 3, 1922, respectively. When the defendant was brought into court on February 21, 1930, for arraignment the court appointed an attorney to defend him. After consultation with his attorney for a period of about twenty minutes he waived time and entered a plea of guilty of the offense charged in the information and admitted the prior convictions of the felony charges alleged against him. He again waived time and the court thereupon recited his plea of guilty of the offense charged in the information and his answers admitting the three prior convictions of said felonies, and thereupon adjudged that he be confined in the state prison at Folsom as provided by law. In obedience to said judgment, he was delivered to the warden of said prison, where he was held in execution of said judgment until he was returned to the Superior Court of the County of Orange on or about October 23, 1936, upon the order of said court, whereupon the judgment made and entered as aforesaid was invalidated and annulled so far as it adjudged the defendant to have suffered said prior convictions, but that portion which adjudged him guilty of the offense charged in the information was held to be a valid portion of said judgment. The annulment of said portions of the judgment is attempted to be justified on the theory that

plenary and almost omnipotent power is vested in courts by virtue of the ancient writ of *coram nobis,* a writ which has become practically obsolete by the extended powers of the writ of *habeas corpus* and the adoption of our modern procedure generally, except in the most rare of instances. But notwithstanding its rare applicability to modern procedure, the argument as to its office is often carried to the point where it is assumed that it authorizes courts to override *ad libitum* substantive and statutory law, and even, as contended on this motion, that it authorizes courts to grant a new trial and invalidate or modify a judgment regularly made and entered upon motion made after six years have intervened between the effective date of the judgment and notice of motion, in cases in which no right of the defendant was denied and no claim was or is made that fraud, intrinsic or extrinsic, or duress or collusion or bad faith upon the part of the prosecution, or any question of defendant's sanity, in any way entered into the proceedings or affected the judgment, or that any improper methods were used to induce defendant to enter his several pleas to the information. The writ of error *coram nobis* in the instant case, so far as its true office is concerned, is but a name under which the proceeding is instituted The defendant claims that the proceeding really, in effect, is a motion for a new trial and takes up where the judgment pronounced several years ago concluded. The new trial theory, it is claimed, has been restored to life by virtue of the granting of the writ.

It is the theory of respondent that the appeal taken by the People is noneffective, inasmuch as it was not taken as provided by section 1240 of the Penal Code, which provides that ''An appeal may be taken by the people by announcing in open court at the time the order is made that the people appeal from the same.'' It is claimed by respondent that no announcement was made by the People in open court on October 15, 1936, at the time respondent insists that the writ of *coram nobis* was granted. It is admitted that the People did make an announcement in open court, in conformity with the requirements of section 1240 of the Penal Code, on October 23, 1936, at the time it took the matter up for final disposition, and, after hearing evidence, made its formal order modifying and changing the judgment. It is respondent's contention that the People, having failed to make said announcement at the

conclusion of the proceedings had on October 15th, which, it is claimed, was the final order in the proceeding; the announcement made on October 23d came too late and the above code provision was not complied with. It is conceded that if said announcement had been made on October 15th, it would have been timely. We are decidedly of the view that this contention is not supported by the record. A reference to the record shows that on October 2, 1936, respondent filed with the county clerk of said county a petition for a writ of *coram nobis*, in which he. set out a record of his several convictions as heretofore related. The only ground relied upon by respondent in support of the trial court's order invalidating a part of the original judgment consisted of a pardon issued by Honorable G. W. P. Hunt, Governor of the State of Arizona, dated September 28, 1928, wherein he granted to petitioner an unconditional pardon for all the felonies committed by him in the state of Arizona and restored him to all his civil rights. Petitioner was not pardoned because he was wrongfully or improperly convicted, but for the sole reason, as set forth in the proclamation of pardon, that "he has been law abiding and has well supported his dependents". The pardon was granted upon the recommendation of the board of pardons and paroles five years after his discharge from prison.

With the above as the sole ground for the issuance of the writ, the petition came before the court on October 15th, for hearing. Several affidavits germane to the pardon were on file. The reporter's transcript of the proceedings certified by the court shows that the proceedings had on October 15th consisted entirely of discussions and arguments between court and counsel as to whether the court had jurisdiction in the premises to grant the relief sought by the writ. The last few minutes of the proceedings are conclusive that no order was made on that day which could be regarded as final and determinative of the court's action. The court said: "I rather think the writ will lie. Perhaps it is somewhat discretional, but on your affidavits, I think the affidavits are sufficient. I think I will let you take your writ. . . . I think he [defendant] will have to come back here for the purpose. . . .

"Mr. Menton: The judgment will have to be corrected then.

"The Court: He [defendant] will have to come back here and the judgment as to the prior convictions will have to be set aside, and he will have to be allowed to enter new pleas.

When he gets back I will permit him to withdraw his admissions of the prior convictions but not to withdraw his plea he made here to the crime of forgery.

"The Court (to Mr. Rimel) : Well, you may have your writ."

Court adjourned without anything more definite being done than above stated. Final action was deferred to a future day.

It appears that on the following day, October 16th, the court filed with the clerk of said court a paper entitled a "writ of error *coram nobis*", wherein it recited the fact of said pardons and held that the prior convictions of felonies were based on material error of *fact* not chargeable to the wilful or negligent acts or omissions of the defendant and consisted of the assumption that said prior convictions were valid and subsisting for all legal purposes, whereas said prior convictions had been fully and unconditionally pardoned, and unless said judgments and commitments in so far as they relate to said prior convictions are vacated and set aside they will deprive the defendant of his just rights and liberties. It is also set forth that there is no statutory remedy provided by law for the correction of said material error of fact. It was therefore ordered that said writ issue to correct the judgment in so far as it adjudged the defendant guilty of said prior convictions and all orders, decrees and commitments theretofore made finding that defendant had suffered said prior convictions be ordered vacated. The privilege of withdrawing the former answers or pleas and to enter new answers to the information charging said prior convictions, and to make any defense thereto, as he may be advised, was granted. Said order further directed the warden to produce the defendant forthwith. The above-mentioned order does not purport to have been made in open court. The defendant was produced in open court on October 23d for further proceedings, at which time the court assumed jurisdiction to complete the proceeding commenced on October 15th. The defendant was on said day brought into court, arraigned as to the prior convictions, and the history of the proceedings had in February, 1930, was recited by the court and the petitioner was informed by the court that he might withdraw his former answers to the information admitting said prior convictions and enter new pleas. He admitted the former convictions but answered that said pardon expunged them from the record as a matter of law and he there-

upon answered that he had not suffered, in the eyes of the law, said convictions. The original pardon was introduced in evidence and the defendant was called to the stand in his own behalf. He was convicted under the name of John Lumbley, but stated that his true name was Melvin Lumbley. He further testified that he was convicted in Arizona under the name of John Lumbley on one of the charges, and under the name of Melvin Lumbley on the other felony charges. At the conclusion of the proceedings the court made an order that the judgment entered in February, 1930, be amended by striking therefrom the finding that the defendant had suffered said prior convictions and found that the defendant was guilty solely of the offense charged in the information and had not suffered said prior convictions. The commitment was ordered to issue in accordance with the amended judgment. The district attorney thereupon gave notice in open court of appeal from the order modifying the original judgment, and in fact annulling material portions of said judgment and commitment. If the proceedings could be held to be as respondent contends they were, to wit, a continuation of the original proceedings of 1930, and the court had jurisdiction to annul a portion of the judgment or grant a new trial, the order made on October 23, 1936, would have constituted an order. made after judgment, affecting the substantial rights of the People. (Sec. 1238, subd. 5, Pen. Code) and the appeal would have been timely. We understand from respondent's argument that the appeal in form was properly taken but it was ineffective because not taken on October 15th or 16th for the reasons advanced by respondent. The record does not sustain the contention that the appeal was not timely made in open court from an order which, according to respondent's contention, was not a distinct or separate proceeding but a continuation of the original proceeding. If made after final judgment in 1930, it affected the substantial rights of the People. The appeal from the judgment having also been submitted on its merits, the motion to dismiss the appeal must, therefore, be denied.

We are unable to find in the record any element of fact or law that would justify the granting of said writ. This case presents the main question that was before this court in *People* v. *Superior Court,* 4 Cal. (2d) 136 [47 Pac. (2d) 724]. In the instant case there is not even involved the issue of

insanity of the defendant at time of trial, which was one of the major grounds at common law which justified the issuance of the writ. Here, respondent offers not a single reason or ground which would entitle him to an order modifying or annulling any portion of the original judgment. He voluntarily and with the opportunity of the advice of his counsel answered that he had suffered said three prior convictions. He knew as a fact that he had suffered them, and he further knew as a *matter of fact* that a pardon had been granted. He was not misled in any manner by any officer of the court or of the law. No claim is made that his pleas were procured by extrinsic fraud or extorted through fear or that he was induced by any of the methods which this court has deemed sufficient grounds for the issuance of the writ. The grounds and rare situations which will authorize the granting of the writ have several times been set forth in the decisions of this court.

In *People* v. *Superior Court,* 4 Cal. (2d) 136 [47 Pac. (2d) 724], one of our latest decisions in which the office of the writ was discussed, we said:

"In *People* v. *Reid,* 195 Cal. 249 [232 Pac. 457, 36 A. L. R. 1435], the origin and office of the writ is treated at great length and the conclusions of this court are summed up by the following quotation from *Sanders* v. *State,* 85 Ind. 318 [44 Am. Rep. 29], with approval:

" ' It is our opinion that the courts have the power to issue writs in the nature of the writ *coram nobis,* but that the writ cannot be so comprehensive as at common law, for remedies are given by our statute which did not exist at common law—the motion for a new trial and the right of appeal—and these very materially abridge the office and functions of the old writ. These afford an accused ample opportunity to present for review questions of fact, arising upon or prior to the trial, as well as questions of law; while at common law the writ of error allowed him to present to the appellate court only questions of law. Under our system all matters of fact reviewable by appeal, or upon motion, must be presented by motion for a new trial, and cannot be made the grounds of an application for the writ *coram nobis.* Within this rule must fall the defense of insanity as well as all other defenses existing at the time of the commission of the crime. Within this rule, too,

must fall all cases of accident and surprise, of verdicts against evidence, of newly discovered evidence, and all like matters.' "

The case of *People* v. *Moore,* 9 Cal. App. (2d) 251 [49 Pac. (2d) 615, 617], is directly in point. There the defendant had been charged with four prior convictions committed in other states. Three of said convictions were not felonies in this state. He was convicted of the main charge and admitted the prior convictions and was sentenced as an habitual criminal. He appealed and the judgment was affirmed, and he petitioned for the writ of *coram nobis.* The court, in conceding that three of said prior convictions were not felonies, nevertheless held that the mistake made by defendant could not be cured by a petition for the writ of error *coram nobis,* which is, in effect, an attack upon the judgment, asking that it be set aside as void on the ground that he was ignorant of the legal effect of said prior convictions under the law of this state at the time he admitted them, and he asked that he be allowed to enter a plea of not guilty. In denying the petition the court said, as may be said with equal force in the instant case:

"We fail to see how the position of defendant in this proceeding is any different from that of a person who pleads guilty to a crime believing in fact that he was guilty of the same at the time of his plea, when, as a matter of law, the facts could not establish his guilt. In the latter situation a defendant would have the undoubted right to make a motion to change his plea. (Pen. Code, sec. 1018; *People* v. *Bacciocco,* 81 Cal. App. 19 [251 Pac. 817]; *People* v. *Manriquez,* 188 Cal. 602 [206 Pac. 63, 20 A. L. R. 1441]; *People* v. *Cosgrove,* 48 Cal. App. 710 [192 Pac. 165]; *People* v. *Moriarity,* 61 Cal. App. 223 [214 Pac. 485]; *People* v. *Murphy,* 62 Cal. App. 709 [217 Pac. 810]; *People* v. *Junod,* 85 Cal. App. 194 [259 Pac. 101]; *People* v. *Blumen,* 87 Cal. App. 236 [261 Pac. 1103].) If, however, the defendant omits to do so, and the time has expired for the exercise of any of the statutory remedies after judgment, which might be invoked to cure the situation, and the judgment becomes final, there would be no further legal recourse by any form of judicial review. The same, we believe, is true in this case."

The effect of the pardon, which respondent has argued at considerable length, is not pertinent or necessary to a decision of the issue here presented, and anything that might be said

on the question as to whether it had the effect of exempting the defendant from increased punishment on a subsequent conviction would be *dicta.* Authorities may be cited both for and against the proposition that a pardon for a prior offense does not exempt the person so convicted from the increased punishment on a subsequent offense. That question will be met when squarely presented.

The untimely delay on the part of defendant in petitioning for the writ would have been sufficient grounds for denying it. In *People* v. *Vernon,* 9 Cal. App. (2d) 138 [49 Pac. (2d) 326], it is said that a motion to vacate a judgment must be made within a reasonable time. In that case the delay was shorter than in the present case, and the court held, under the circumstances of that case, delay had been so long as to justify a denial of the writ.

Considerable space is devoted in the briefs to the question as to whether the writ of *certiorari* was the exclusive procedure available to the People in its attempt to set aside the orders modifying the original judgment. We are of the view that the People were not limited exclusively to the remedy provided by the writ of review. The orders in this case were made on the claim that they were a part of the original proceeding and it was on that theory that a new trial was in effect granted and new pleas entered, and a new judgment and commitment made and signed. It was from these orders, made and entered aforesaid, that the appeal was announced and taken. The *coram nobis* judgment or order as made and entered annulling a portion of the original judgment is not supported by the record and is therefore noneffective. We may with propriety repeat what we said in *People* v. *Superior Court, supra:* "If, in the circumstances of the instant case, the judgment may be nullified on the showing disclosed by the record of the proceedings herein, the stability of judgments generally in criminal cases will be reduced to a dangerous state of uncertainty."

It may be pertinent to state that under the "good credits" table adopted by the legislature (sec. 1168, Pen. Code) the defendant, provided he earned the credits therein provided, would not be entitled to his discharge under the judgment, which was not changed in any respect, until he has served a term of eight years and ten months. The indeterminate sentence under section 1168 of the Penal Code, is in legal effect a

sentence for the maximum term, which in the instant case would be fourteen years unless regularly fixed at a lesser term by the board of prison terms and paroles. No valid or effective order fixing his term at less than a life term appears of record. Any remedy that may be open to the defendant at the expiration of his term of service under the portion of the judgment as to the offense charged, which is admittedly valid, cannot be considered, if at all, until such time shall have arrived.

On the merits of the case presented by the appeal we are satisfied that the writ was erroneously granted and must be set aside. It is therefore ordered that the order vacating and setting aside the three prior convictions of felonies plead against defendant to which he answered that he had suffered said convictions, together with the judgment and commitment as amended, be and they are each set aside and the original judgment entered in said cause is restored to its former and original status as the judgment herein.

Shenk, J., Curtis, J., and Thompson, J., concurred.