[Crim. No. 3098.   Second Appellate District, Division One.—May 26, 1938.]

THE PEOPLE, Respondent, v. LARRY COE, Appellant.

Richard A. Haley for Appellant.

U. S. Webb, Attorney-General, and Burdette J. Daniels, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant was charged in an information with the crime of grand theft. A plea of not guilty was entered, and the matter was set for trial on December 21, 1937.

On that date defendant's counsel withdrew from the case and the public defender was appointed in his stead. The trial was reset for January 27, 1938, at which time defendant withdrew his plea of not guilty and entered a plea of guilty, orally applying for probation. Said application for probation was denied on February 15, 1938, and defendant was sentenced.

Thereafter, on March 7, 1938, defendant filed a ''Petition for a Writ of *Coram Nobis''*, which in effect was merely a motion to vacate the judgment and for leave to withdraw his plea of guilty for the purpose of entering a plea of not guilty. (See *People* v. *Vernon,* 9 Cal. App. (2d) 138, 141 [49 Pac. (2d) 326].) Said motion was supported by an affidavit executed by defendant, which in part read as follows: '' . . . affiant pleaded guilty, solely and simply by reason of the fact that he was under the impression that he had not theretofore been convicted of a felony. That in the State of New York he had been convicted of the crime of forgery and granted probation and informed by the Court that if he lived up to the terms of his probation, he could come in at the end of his term of probation ask that the Complaint theretofore filed, be dismissed and that thereafter he could truthfully say that he had never been convicted of a felony. That affiant lived up to the terms of his probation, that he made application for a dismissal, that said dismissal was granted and that affiant was informed, and that at all times believed that he had not been convicted of a felony. That had it not been for such belief affiant would not have entered a plea of guilty and had affiant been tried by a jury affiant would have been acquitted and found not guilty of the crimes charged in the above entitled case.''

The motion was denied, from which order defendant appeals.

It appears from the record of the proceedings on the aforesaid motion that the defendant had denied, at all times, that he had ever been convicted of a felony,—not only to the probation officer but to his own counsel as well. The record of the hearing on the motion reveals the following:

''The Court: . . . Now, Mr. Haley, (defendant's counsel), for your own information, you have not stated the facts correctly to this court, namely, that this defendant denied to the probation officer at all times that he was ever convicted of any crime.

"Mr. Haley: He finally admitted it after they confronted him with the proof."

The trial court evidently gave slight, if any, credit to the defendant's explanation. Primarily, the question raised by the motion was addressed to the judgment and discretion of the trial judge. The appeal presents no reason for disturbing the conclusion reached by the trial judge, there being no evidence in the record either of an error of judgment or an abuse of discretion. The Supreme Court, in commenting upon a somewhat similar situation, declared that, "The granting or denying of permission to withdraw a plea of guilty, and to substitute a plea of not guilty, is a matter within the sound discretion of the trial court, and its action must be upheld unless an abuse of such discretion clearly appears. There are no such peculiar or unusual circumstances in this case as to enable us to say the trial court should have acted differently in the matter." (*People* v. *Manriquez,* 188 Cal. 602, 607 [206 Pac. 63, 20 A. L. R. 1441]; see, also, *People* v. *Aseltine,* 139 Cal. App. 768, 770 [34 Pac. (2d) 830]; *People* v. *Gottlieb,* 25 Cal. App. (2d) 411 [77 Pac. (2d) 489].)

The order appealed from is affirmed.

York, P. J., and White, J., concurred.